**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOEL T. O'HORA,**

                      **Plaintiff,**

         **-v-**                                    **5:12-CV-52 (NAM/VEB)**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**
_____

**APPEARANCES:**

Olinsky Law Group
Howard D. Olinsky, Esq.
One Park Place
200 South State Street
Syracuse, New York 13202
Attorney for Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Sandra M. Grossfeld, Esq., Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff's initial application for Supplemental Security Income ("SSI") benefits and disability insurance benefits under the Social Security Act was denied. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff testified, the ALJ issued a decision denying plaintiff's applications. The Appeals Council denied plaintiff's request for review. Thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff brought this action for judicial review of the Commissioner's decision. *See* 42 U.S.C. §§ 405(g); 1383(c)(3).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Victor E. Bianchini issued a Report and Recommendation (Dkt. No. 18) recommending that the Commissioner be granted judgment on the pleadings, that plaintiff's motion for judgment on the pleadings be denied and that judgment in favor of the Commissioner be entered. In making this recommendation, Magistrate Judge Bianchini throughly analyzed the record in light of applicable law; found that the ALJ's residual functional capacity determination was supported by substantial evidence; properly weighed the evidence and assessed plaintiff's credibility; and found that the ALJ's conclusion at step five of the disability determination process was supported by substantial evidence.

Plaintiff objects, arguing that the ALJ's residual functional capacity determination was not supported by the record and that his nonexertional impairments required the ALJ to obtain the testimony of a vocational expert. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

As set forth briefly below, upon *de novo* review, the Court adopts Magistrate Judge Bianchini's Report and Recommendation in its entirety. The Report and Recommendation sets forth the procedural history of the case and the applicable law, and the Court repeats them only to the extent necessary to explain its decision.

The five-step process through which the Commissioner makes a disability determination is as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, appx. 1. If the claimant has a listed impairment, the

2

> Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) (footnote omitted). The Social Security Administration defines residual functional capacity as follows: "Your impairments(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." *Id*. at 774, n.3 (citing 20 C.F.R. § 416.945(a)).

Plaintiff contends that the ALJ's determination that he had the residual functional capacity to perform light work was erroneous because he failed to give controlling weight to the opinion of plaintiff's treating physician, Pillip A. Lowe, M.D. According to treating physician rule, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citations and quotation marks omitted). "Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, ... the opinion of the treating physician is not afforded controlling weight where ... the treating physician issued opinions that are not consistent with other substantial evidence in the record[.]" *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Where the ALJ finds that a treating physician's opinion is not deserving of controlling weight, the

3

ALJ may still give it "extra weight" after considering specific factors. *See* C.F.R. § 404.1527(d)(l)-(6); *Shaw v. Chater*, 221 F.3d 126,134 (2d Cir. 2000).

Here, Magistrate Judge Bianchini found that the ALJ's evaluation of Dr. Lowe's reports was supported by substantial evidence and consistent with applicable law. The ALJ separately considered Dr. Lowe's October 5, 2009 and March 23, 2010 residual functional capacity evaluations and accorded them "no evidentiary weight" and "some evidentiary weight" respectively. The ALJ explained that Dr. Lowe's October 5, 2009 evaluation was not entitled to any evidentiary weight because although Dr. Lowe found that plaintiff was "moderately limited" in the ability to, inter alia, see, hear and speak, he "did not explain how discogenic disease had any adverse effect" on these abilities. Additionally, as the ALJ noted, Dr. Lowe's evaluation did not contain a detailed explanation for the limitations he found.

The ALJ accorded "some weight" to Dr. Lowe's March 23, 2010 evaluation, in which he opined that plaintiff "was moderately limited in the ability to walk, stand and sit and very limited in the ability to lift, carry, push, pull, bend, use his hands and climb, but was not limited in the ability to see, hear or speak." Additionally, Dr. Lowe opined that plaintiff had some moderate mental limitations. The ALJ gave "some weight" to the physical limitations Dr. Lowe found because the medical evidence concerning plaintiff's back condition could support these limitations. The ALJ gave no weight to Dr. Lowe's opinion regarding the limitations in plaintiff's mental functioning because he provided no justification for these limitations.

Magistrate Judge Bianchini found that the ALJ's assessment of the weight to which Dr. Lowe's opinion was entitled was supported by substantial evidence because it was inconsistent with other substantial evidence in the record, including the opinions of Thomas Sullivan, M.D., a

4

treating orthopedic surgeon, and Kalyani Ganesh, M.D., a consultative examiner.

Plaintiff next asserts that Magistrate Judge Bianchini failed to "address Plaintiff's argument that the opinion of Dr. Ganesh cannot provide substantial evidence to support the ALJ's RFC determination." Magistrate Judge Bianchini specifically addressed this argument, stating that an ALJ "is entitled to rely upon the opinions of . . examining . . . State agency medical consultants." *See* 20 C.F.R. § 404.1527(e)(2)(i) ("State agency medical and psychological consultants . . . highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence"); SSR 96–6p, 1996 WL 374180, at *3 (1996) ("In appropriate circumstances, opinions from State agency ... consultants ... may be entitled to greater weight than the opinions of treating or examining sources."). Upon de novo review of the record in light of plaintiff's objection on this issue, the Court finds that substantial evidence supports the ALJ's determination.

Plaintiff objects to Magistrate Judge Biachini's conclusion that the ALJ's determination at step five of the disability analysis was supported by substantial evidence. Plaintiff asserts that because he suffers "significant non-exertional limitations", including a limited ability to use his hands or bend, and needs to "avoid concentrated exposure to fumes, dust, gases and poor ventilation", the ALJ erred in relying on the medical vocational guidelines ("the grids") to determine his claim and should have obtained the testimony of a vocational expert. In *Calabrese v. Astrue*, the Second Circuit explained:

> "the mere existence of a nonexertional impairment does not automatically require the production of a vocational expert [ ]or preclude reliance on the [grids]". Rather, "the

5

testimony of a vocational expert ... that jobs exist in the economy which claimant can obtain and perform" is required only where "the claimant's nonexertional impairments significantly diminish [his] ability to work—over and above any incapacity caused solely from exertional limitations—so that he is unable to perform the full range of employment indicated by the [grids]."

*Calabrese v. Astrue*, 358 F.App'x 274, 275-76 (2d Cir. 2009) (quoting *Bapp v. Bowen*, 802 F.2d 601 (2d Cir. 1986) (internal citation omitted)).

Here, the ALJ acknowledged plaintiff's nonexertional limitations, but found that they "had little or no effect on the occupational base on unskilled light work." Magistrate Judge Bianchini addressed the ALJ's conclusion and analyzed it in light of the evidence in the record and applicable law and found that it was supported by substantial evidence. After conducting a de novo review of the matters raised in this objection, the Court concludes that the objection is without merit. *See, e.g.*, *Stanton v. Barnhart*, No. 01 Civ. 3486, 2003 WL 1900855, at *7 (S.D.N.Y. Apr. 17, 2003) ("since most job environments do not involve exposure to fumes, odors, dust, gases, or poor ventilation, the ALJ properly concluded that Stanton's nonexertional limitations did not significantly affect his ability to perform work and relied on the medical vocational guidelines to find that Stanton was 'not disabled.'").

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 18) is accepted and adopted in all respects; and it is further

ORDERED that the Commissioner's determination is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

Date:   March 31, 2014

Norman A. Mordue
Senior U.S. District Judge